**Mayerson & Hartheimer PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor
New York, NY 10022
Tel: (646) 778-4380
Fax: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com

*Proposed Counsel for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNSOHN & FETNER LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 17-23707 (RDD) |

**DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION OF MAYERSON AND HARTHEIMER PLLC AS COUNSEL**
**TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Bernsohn and Fetner LLC as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), hereby files this application (the "Application") for entry of an order, in substantially the form attached hereto as Exhibit A, authorizing the employment and retention of Mayerson and Hartheimer PLLC ("M&H") effective as of the Petition Date (as defined herein), as the Debtor's general counsel. In support of the Application, the Debtor relies on the *Declaration of David H. Hartheimer in Support of the Debtor's Application for an Order Authorizing the Retention of Mayerson and Hartheimer PLLC as Bankruptcy Counsel to the Debtor Effective as of the Petition Date* (the Hartheimer Declaration") attached hereto as Exhibit B. In further support of the Application, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C § 157(b). Venue of these cases and this Application in this District is proper pursuant to 28 U.S.C. § 1408 and 1409. The statutory bases for the relief requested herein are pursuant to Sections 327(a), 328, and 1107(b) the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

2. On November 6, 2017 (the "Petition Date"), the Debtor commenced its bankruptcy case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No Official Committee of Creditors, trustee or examiner has been appointed in the Chapter 11 Case.

4. The factual background regarding the Debtor, including its business operations, its capital and debt structure, and events leading to the filing of this Chapter 11 Case, is set forth in detail in the *Declaration of Steven Fetner Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and First Day Motions (*the "Fetner Declaration") [Docket No. 1] which is incorporated by reference.

**RELIEF REQUESTED**

5. By this Application, the Debtor seeks entry of an order authorizing the retention of M&H, effective as of the Petition Date, in accordance with the provisions of the Bankruptcy

Engagement Agreement (as defined herein), this Application, and the proposed order attached hereto as Exhibit A, as the Debtor's general counsel to perform the legal services that will be necessary during this Chapter 11 Case pursuant to Sections 327(a) and 1107 (b) of the Bankruptcy Code, Bankruptcy Rule 2014 and 2016 and Local Rules 2014-1 and 2016-1.

## BASIS FOR RELIEF

6.  The Debtor and M&H entered into an initial engagement agreement as of June 15, 2017 (the "Initial Engagement Agreement"), pursuant to which the Debtor retained M&H to provide legal services to the Debtor in connection with general restructuring issues and to examine a potential bankruptcy filing by the Debtor. On or about October 15, 2017, the Debtor determined that a bankruptcy filing would be in the best interest of all stakeholders. On November 6, 2017, the Debtor and M&H entered into a new engagement agreement (the "Bankruptcy Engagement Agreement"), pursuant to which the Debtor retained M&H to provide legal services to the Debtor in connection with general restructuring issues and to represent it in regards to a chapter 11 filing by the Debtor. The Bankruptcy Engagement Agreement is attached hereto as Exhibit C.

7.  Since their entry into the Initial Engagement Agreement, the Debtor and M&H have worked closely with respect to the restructure of the Debtor. As a result, M&H has become uniquely familiar with the Debtor's business affairs, as well as many of the potential legal issues that might arise in the context of the Debtor's Chapter 11 Case. M&H has provided advice to and assisted the Debtor in all aspects of its business and restructuring efforts and has been instrumental in the Debtor's preparation of its Chapter 11 Case, including preparation and drafting of various first-day motions and other documents and pleadings necessary for the successful filling of its case.

3

8.  The Debtor selected M&H as its general counsel because of M&H's experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, as well as their general business knowledge. The attorneys at M&H have extensive experience in corporate restructurings, chapter 11 reorganizations and related matters.

9.  The Debtor believes that representation by M&H as its general counsel is critical to the Debtor's efforts to effect an orderly wind-down of its business during its Chapter 11 Case. The Debtor believes that M&H is well qualified and uniquely able to act on the Debtor's behalf.

10. Additional information regarding M&H's qualifications is more fully set forth in the Hartheimer Declaration, executed on behalf of M&H in accordance with the Bankruptcy Code Sections 327(a) and 329, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, filed herewith as Exhibit B and incorporated herein by reference.

### SERVICES TO BE RENDERED

11. The services of legal counsel are necessary to enable the Debtor to execute faithfully its duties as debtor-in-possession. Subject to further order of this Court, M&H will be authorized to render various services to the Debtor, including (without limitation) the following:

   (a) Advising the Debtor with respect to its powers and duties as debtor and debtor-in-possession in the continued management and operation of its business;

   (b) Attending meetings and negotiation with representatives of creditors and other parties in interest and advising and consulting on the conduct of the case, including all of the legal and administrative requirements of operating in chapter 11;

   (c) Taking all necessary action to protect and preserve the Debtor's estate including the prosecution of actions on behalf of the Debtor's estate, the defence of any actions commenced against the estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the estate;

4

    (d)    Preparing on the Debtor's behalf, all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

    (e)    Preparing and negotiating on the Debtor's behalf, its Chapter 11 plan, disclosure statement, and all related agreements and/or documents, and taking all necessary action to obtain confirmation of such plan;

    (f)    Appearing before the Court, any appellate court, and the United States Trustee and protecting the interests of the Debtor before such courts and the United States Trustee;

    (g)    Advising the Debtor on general business matters and day-to-day operations;

    (h)    representing the Debtor in connection with obtaining post-petition financing;

    (i)    Advising the Debtor in connection with any potential sale of assets or potential settlement with respect to disputed assets;

    (j)    consulting with the Debtor and its financial advisors regarding tax matters; and

    (k)    Performing other necessary legal services and providing other necessary legal advice to the Debtor in connection with the Chapter 11 Case and the operation of its business.

12.     It is necessary and essential that the Debtor, as debtor-in-possession, employ attorneys to render the foregoing professional services. Therefore, the Debtor has requested that M&H perform the services set forth herein, and, subject to this Court's approval of the Application, M&H has indicated that it is willing to perform such services.

13.     The Debtor has informed M&H, and M&H understands that the Debtor will file retention applications for other professionals in these cases. M&H has informed the Debtor that it will take all appropriate steps to avoid unnecessary and wasteful duplication of efforts by any other professional retained in this Chapter 11 Case.

5

**DISINTERESTEDNESS OF PROFESSIONALS**

14. To the best of the Debtor's knowledge, and except as otherwise set forth herein and in the accompanying Hartheimer Declaration, the attorneys of M&H (a) do not have any connection with the Debtor, its affiliates, the United States Trustee for the Southern District of New York[1] or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Southern District of New York or any person employed in the offices of the same, (b) are "disinterested persons," as that term is defined in the Bankruptcy Code Section 101(14), and (c) do not hold or represent any interest adverse to the estate.

15. The Debtor understands that:

    (a) Neither Sandra E. Mayerson ("Mayerson") nor David H. Hartheimer ("Hartheimer") holds or represents an interest adverse to the Debtor's estate.

    (b) Neither Mayerson nor Hartheimer is or was a creditor or an insider of the Debtor, except that Mayerson and Hartheimer previously rendered legal services to the Debtor for which it has been compensated as disclosed below.

    (c) Neither Mayerson nor Hartheimer is or was a director, officer, or employee of the Debtor.

    (d) Neither Mayerson nor Hartheimer has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

16. Moreover, Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under Section 327 of this title by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. 1107(b). In view of the foregoing, the Debtor believes

---

[1] David H. Hartheimer, was an attorney with the Office of the United States Trustee, Eastern District of New York, during the years of 1993 to 2000. Mr. Hartheimer no longer has any connection to any office of the United States Trustee.

that M&H is a "disinterested person" within the meaning of Bankruptcy Code Section 101(14), as modified by the Bankruptcy Code Section 1107(b).

17. M&H informed the Debtor that throughout this Chapter 11 Case, M&H will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in this case, and that M&H will promptly update this Application and disclose any material developments regarding the Debtor or any other pertinent relationships that come to M&H's attention by way of a supplemental declaration.

## PROFESSIONAL COMPENSATION

18. M&H has provided and agrees to continue to provide assistance to the Debtor in accordance with the terms and conditions set forth in the Application, the Bankruptcy Engagement Agreement. On June 15, 2017, pursuant to the Initial Engagement Agreement, the Debtor provided M&H with a $5,000 payment as an advance payment retainer (the "Initial Retainer"). On or about October 15, 2017, pursuant to the Initial Retainer Agreement, the Debtor provided M&H with an additional retainer of $30,000 (the "Bankruptcy Retainer") As set forth in both the Initial Engagement Agreement and the Bankruptcy Engagement Agreement, M&H was free to apply that Retainer to future billings and request that the Debtor replenish and/or increase the Retainer.

19. As set forth in the Hartheimer Declaration and in detail below, prior to the Petition date, M&H issued invoices for services rendered and requested prompt payment from the Retainer. M&H issued the following invoice for services:

    (a) On July 21, 2017, M&H issued an invoice for services rendered in the month of June 2017 in the amount of $8,173.85.  The Debtor paid M&H $3,137.85, and M&H applied the Initial Retainer of $5,000 to pay the July 21, 2017 invoice.

7

  (b) On August 15, 2017, M&H issued an invoice for services rendered in the month of July 2017 in the amount of $8,402.00 which the Debtor paid in full.

  (c) On September 11, 2017, M&H issued an invoice for services rendered in the month of August 2017 in the amount of $14,736.80. As an accommodation to the Debtor, M&H reduced this invoice to $10,000 which the Debtor paid in full.

  (d) On October 21, 2017, M&H issued an invoice for services rendered in September in the amount of $3,760.80.

  (e) On November 6, 2017, M&H issued an invoice for services rendered from October 1, 2017 through November 5, 2017, in the amount of $33,490.30.

  (f) On November 6, 2017 both the October 21, 2017 invoice referenced in paragraph (6d) above and the November 6, 2017 invoice referenced in paragraph (6e) above were due and owing, for a total amount of $37,251.10. As per the agreement described in paragraph 13 above, M&H accepted the $30,000 retainer that it was holding in its IOLA account in full payment of the two outstanding invoices.

21. In the 90 days prior to the Petition date, M&H did not receive any other payments from the Debtor other than those described herein and in the Hartheimer Declaration.

22. Pursuant to Bankruptcy Rule 2016(b), M&H has not shared nor agreed to share any compensation it has received or may receive with another party or person, other than with the members of M&H and payment to contract professionals, such as paralegals and junior attorneys; which M&H hires temporarily from time to time.

23. For professional services rendered during these cases, M&H's fees are based in part on its guideline hourly rates, which are periodically adjusted. Based upon the Bankruptcy Engagement Agreement, M&H bills the Debtor at the following hourly rates: $600 for members, $350 for other attorneys and $100 for paralegals.

24. Consistent with M&H's policy with respect to its other clients, M&H will continue to charge the Debtor for all services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include (without

8

limitation) costs for photocopying, electronic data management services, including scanning and document imaging, travel-related expenses, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings.

25. During the course of this Chapter 11 Case, M&H will apply to the Court for allowance of the compensation for professional services rendered and reimbursement of expenses incurred in these cases in accordance with the application provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in this case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. Such applications will constitute a request for the interim payment against M&H's reasonable fees and expenses to be determined at the conclusion of these cases.

26. M&H will accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues, or tasks addressed in this case.

27. Additionally, M&H will also seek compensation for all the time and expense associated with its retention as a Section 327(a) professional, including the preparation of the Application, the Hartheimer Declaration and related documents, as well as any monthly fee statements and/or interim and final fee applications.

28. Other than as set forth above, no arrangement is proposed between the Debtor and M&H for compensation to be paid in this Chapter 11 Case.

29. M&H has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted pursuant to Bankruptcy Code Section 504(b)(1).

30.    The Debtor submits that the engagement and retention of M&H on the terms and conditions set forth herein and in the Engagement Agreement is necessary and in the best interest of the Debtor, its estate, and its creditors and should be approved.

**NOTICE**

31.    No official committee of unsecured creditors, trustee or examiner has been appointed in this Chapter 11 Case. Notice of this Application has been given to the Office of the United States Trustee.  The Debtor submits that no other or further notice be given.

**NO PRIOR REQUEST**

32.    No previous request for the relief sought in the Application has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, (a) authorizing the Debtor to employ and retain M&H, effective as of the Petition Date, as the Debtor's general counsel, and (b) granting such further relief as may be just and proper.

Dated: New York, New York
November 28, 2017

                                                        */s/ Steven Fetner*
                                                        Steven Fetner, Managing Member
                                                        Bernsohn & Fetner LLC
                                                        12 Van Houten Street
                                                        Upper Nyack, NY 10960