**Mayerson & Hartheimer PLLC**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor
New York, NY 10022
Tel: (646) 778-4380
Fax: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com

*Proposed Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNSOHN & FETNER LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 17-23707 (RDD) |

**MOTION OF THE DEBTOR FOR ENTRY
OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

TO:    THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE

Bernsohn & Fetner, LLC, the Debtor and Debtor-in-possession (the "**Debtor**") in the above-referenced Chapter 11 case (the "**Chapter 11 Case**"), hereby moves for entry of an order establishing procedures for the interim allowance and payment of compensation and reimbursement for attorneys and other professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code, and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (the "**Motion**"). In support of the Motion, the Debtor relies upon the Declaration

1

of Steven Fetner Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petition and First Day Motions and Applications (the "**Fetner Declaration**"), and respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 331(a) of the Bankruptcy Code and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## GENERAL BACKGROUND

4. The Debtor filed a voluntary petition on November 7, 2017 (the "**Petition Date**") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

5. The Debtor is operating its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed.

## THE DEBTOR'S HISTORY AND BUSINESS

6. Debtor is a full-service construction management and general contracting firm dedicated to delivering high-end, high quality residential, corporate and retail construction. It currently has no jobs under construction.

**RELIEF REQUESTED**

7.       Pursuant to sections 105(a) and 331 of the Bankruptcy Code, the Debtor seeks entry of an order, substantially in the form annexed hereto as **Exhibit A**, establishing an orderly, regular process for the allowance and payment of compensation and reimbursement for attorneys and other professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, including the Debtor's professionals.

8.       On November 18, 2017, the Debtor filed applications to retain counsel, and may be seeking to retain certain other professionals in these cases in the future. The Debtor also anticipates that, in the event a committee of unsecured creditors (the "**Committee**") is formed, the Committee may retain counsel and other professionals. The professionals retained in these bankruptcy cases, pursuant to Bankruptcy Code sections 327 and 1103, are collectively referred to as the **"Retained Professionals"**.

9.       Briefly stated, the requested procedures would permit each Retained Professional, once there is money in the Debtor's account, subject to these procedures, to present to, among others, the Debtor and the Office of the United States Trustee, a monthly statement for services as detailed below. If there is no timely objection, the Debtor would pay eighty percent (80%) of the amount of fees incurred for the month, with a twenty percent (20%) holdback, and one hundred percent (100%) of disbursements for the month. These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process, approximately every 120 days. The Retained Professionals, in order to benefit from this arrangement, must agree not to present a monthly statement for payment until the Debtor has money in its bank account, which it

expects to have in short order.

## PROPOSED PROCEDURES

10. The Debtor seeks to establish the following compensation and reimbursement procedures with respect to the Retained Professionals (collectively, the "**Compensation Procedures**"):

> (a) On or before the twentieth (20th) day following the month for which compensation is sought, provided there is money in the estate, each Retained Professional may serve a monthly statement (the "**Statement**") for professional services rendered and reimbursement of expenses incurred during the relevant monthly compensation period on:
>
>> (1) Debtor: Bernsohn & Fetner LLC, 12 Van Houten Street, Upper Nyack, NY 10960, Attn: Steven Fetner;
>>
>> (2) Counsel to the Debtor: Mayerson & Hartheimer, PLLC, 845 Third Avenue, 11th Floor, New York, New York 10022, Attn: David H. Hartheimer;
>>
>> (3) If a Committee is appointed, on counsel to the Committee at the address for notice provided by said counsel, and in the absence of a Committee, upon the 10 largest unsecured creditors exclusive of insiders; and
>>
>> (4) Office of the United States Trustee: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York, 10014, Attn: Brian S. Masumoto.

The parties listed in this section10(a) above shall be referred to as the **"Notice Parties"**.

> (b) The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to Chambers, since, the order approving this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, and Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.
>
> (c) For those Retained Professionals who bill based on time, each monthly fee statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements

              incurred (no Retained Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated May 17, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour, unless the Court orders otherwise with respect to an individual firms' retention.

(d)     Each person receiving a statement will have 14 days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the 35th day following the end of the month for which compensation is sought, serve upon the Retained Professional whose statement is objected to, and the Notice Parties, a written "Notice of Objection to Fee Statement" setting forth the nature of the objection and the amount of fees or expenses at issue.

(e)     At the expiration of the 35-day period, the Debtor shall promptly pay 80% of the undisputed fees and 100% of the undisputed expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d).

(f)     If the Debtor receives an objection to a particular fee statement, they shall withhold payment on that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g)     Similarly, if the parties to an objection are able to resolve their dispute following the service of Notice of Objection to Fee Statement and if the party whose statement was objected to serves on the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the fees statement which is no longer subject to an objection.

(h)     All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court (see sub-paragraph (j) below).

(i)     The service of an objection in accordance with paragraph (d) shall not prejudice any party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in a previous objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)     Approximately every 120 days, but no more than every 150 days, each of the

    Retained Professionals shall serve and file with the Court, an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested and the Debtor shall schedule a hearing at which time all such applications will be heard.

(k)   If a Retained Professional fails to file a monthly statement, said Retained Professional may combine that month's fees with the next month's fees, but no Retained Professional may submit an interim statement pursuant to these procedures for more than two months at one time, unless the reason the Retained Professional refrained from filing a monthly interim statement was that said Retained Professional was waiting for the estate to have available funds.

(l)   Any Retained Professional who fails to file an interim fee application seeking approval of compensation and expenses previously paid under this Motion when due shall (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court, and (ii) may be required to disgorge any fees paid since retention or the last interim fee application, whichever is later.

(m)   The pendency of an interim fee application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(n)   Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein, shall have any effect on the Court's interim or final allowance of compensation and reimbursement of any Retained Professional; and

(o)   If a Committee is appointed, the attorneys for the Committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of Retained Professionals, collect and submit statements of expenses of Committee members (excluding individual committee members' counsel expenses), with supporting evidence of payment; provided, however, that such Committee counsel ensures that these reimbursement requests comply with the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated May 17, 1996.

11.   The Debtor further requests that the Court limit service of interim fee applications and the final fee application (collectively, the "**Fee Applications**") to the Notice Parties. The Debtor further requests that all other parties that have filed a notice of appearance with the Clerk of

6

this Court and requested notice of pleadings in the Chapter 11 Cases shall be entitled to receive only notice of hearings on the Applications (the "**Hearing Notices**"). Serving the Fee Applications and the Hearing Notices in this manner will permit the parties most active in the Chapter 11 Cases to review and object to the Retained Professionals' fees and will save unnecessary duplication and mailing expenses.

## BASIS FOR RELIEF

12.     Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days or more often, if the court permits. In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent powers.

13.     The Compensation Procedures will enable the Debtor to attract qualified professionals, which it would not otherwise be able to do given its precarious financial position. These procedures will also allow Debtor to closely monitor costs of administration, maintain cash flow availability, and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

14.     The Debtor submits that the efficient administration of the Chapter 11 Cases will be significantly aided by the proposed Compensation Procedures. Accordingly, the relief requested is in the best interests of the Debtor, its estates and creditors.

15.     Local Rule 2016-1 requires that persons seeking compensation or reimbursement of expenses must comply with guidelines promulgated by this Court. See Local Bankruptcy Rule

7

Southern District of New York 2016-1. The procedures outlined herein help ensure compliance with Local Rule 2016-1

16. Section 105(a) of the Bankruptcy Code provides, in relevant part, as follows: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

17. Procedures similar to those proposed herein have been approved in other Chapter 11 cases in this District. *See, e.g.*, *In re Victory Memorial Hospital*, Case No. 1-06-44387-cec (Bankr. E.D.N.Y Dec. 15, 2006); *In re The Brooklyn Hospital Center*, Case No. 1-05-26990-cec (Bankr. E.D.N.Y. Nov. 3, 2005). Similarly, the relief requested herein has been approved in many other large Chapter 11 cases. *See*, *In re FairPoint Commc'ns, Inc.*, Case No. 09-16335 (Bankr. S.D.N.Y. Dec. 11, 2009); *In re Cabrini Med. Ctr.*, Case No. 09-14398 (Bankr. S.D.N.Y. Aug. 28, 2009); *In re The Reader's Digest Ass'n*, Case No. 09-23529 (Bankr. S.D.N.Y. Sept. 17, 2009); *In re Motors Liquidation Co. (f/k/a Gen. Motors Corp.)*, 09-50026 (Bankr. S.D.N.Y. Aug. 7, 2009); *In re Old Carco, LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y. May 20, 2009); *In re Bally Total Fitness of Greater N.Y., Inc.*, 08-14818 (Bankr. S.D.N.Y. Dec. 7, 2008); *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (Bankr. S.D.N.Y. May 2, 2008); *In re Our Lady of Mercy Med. Ctr.*, Case No. 07- 10609 (Bankr. S.D.N.Y. Mar. 30, 2007); *In re Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 29, 2006). While this case is not as large as some of those, it is even more critical that these Compensation Procedures be entered here, because, the Debtor's Retained Professionals are very small firms, and it would work an undue hardship on such firms if they could only be paid once every 120 days or so.

18. Notice of this Motion has been given to (a) the Office of the U.S. Trustee (b) the Internal Revenue Service; and (c) the holders of the 20 largest unsecured claims, exclusive of insiders. The Debtor submits that no other notice need be given.

## NO PRIOR REQUEST

19. No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of an order of this Court substantially in the form annexed hereto as **Exhibit A**, granting the relief requested by this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
November 30, 2017

                                              **MAYERSON & HARTHEIMER PLLC**
                                              *Proposed Counsel for Bernsohn & Fetner LLC,*
                                              *Debtor and Debtor-in-Possession*

By: */s/ David H. Hartheimer*
      David H. Hartheimer
      Sandra E. Mayerson
      845 Third Avenue, 11th Floor
      New York, New York 10022
      (646) 778-4380
      david@mhlaw-ny.com
      sandy@mhlaw-ny.com