Mayerson & Hartheimer PLLC
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue
11th Floor
New York, NY 10022
Telephone: (646) 778-4380
Facsimile: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com

*Proposed Counsel for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **BERNSOHN & FETNER LLC** | Case No. 17-23707 (RDD) |
| Debtor | |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF VERNON CONSULTING, INC.**
**AS ACCOUNTANT AND FINANCIAL ADVISOR**

TO:    THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

           Bernsohn & Fetner, LLC, as debtor and debtor in possession in the above-

captioned chapter 11 case (the "Debtor"), respectfully represent as follows:

**RELIEF REQUESTED**

           1.      Pursuant to section 327(a) of title 11 of the United States Code (the "***Bankruptcy***

***Code***"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy***

***Rules***"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "*Local Rules*"), the Debtor requests authority to retain and employ Vernon Consulting, Inc. ("*VCI*") as financial advisor and accountant for the Debtor to perform specified services in connection with the case effective as of December 15, 2017.    The facts and circumstances supporting the Application are as set forth herein and in the Declaration of Laura W. Patt, Managing Director at VCI (the "*Patt Declaration*") attached hereto as **Exhibit A** and incorporated herein by reference.    The terms and conditions of VCI's proposed retention is set forth in the proposal and agreement letter between the Debtor and VCI dated December 14, 2017 (the "**Engagement Letter**") attached hereto as **Exhibit B**

2.    A proposed form of order granting the relief requested herein on a final basis is annexed hereto as **Exhibit C** (the "*Proposed Order*").

## JURISDICTION

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.§§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.    On the November 7, 2017 (the "*Petition Date*"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

5.      Information regarding the Debtor's business, capital structure, and the circumstances leading to the commencement of this chapter 11 case is set forth in the *Declaration of Steven Fetner Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petition and First Day Motion*, [Docket No. 1] sworn to on November 6, 2017 (the "Fetner Declaration"), which has been filed with the Court on November 7, 2017.

6.      Due to the scope of this chapter 11 case, the Debtor requires a qualified and experienced financial advisor, with the resources, capabilities and experience of VCI as described in the Patt Declaration.

### VCI'S QUALIFICATIONS

7.      VCI was founded in 2013 and is a specialty consulting firm with expertise in financial advisory work.  The Debtor has determined that VCI has considerable experience necessary in advising debtors and various parties-in-interest in restructuring, and other business transactions both inside within and outside of chapter 11 bankruptcy.

8.      Ms. Patt and VCI's professionals have extensive expertise as financial advisors, healthcare monitoring and compliance consultants, and turnaround management specialists in bankruptcy and reorganization proceedings rendered in chapter 11 cases on behalf of debtors and creditors.

9.      Ms. Patt and VCI's professionals have significant experience assisting distressed companies with day-to-day management activities, including development of pro forma financials and business plans, cash flow management, and implementation of liquidity-enhancing and cost-saving strategies.

**SCOPE OF RETENTION**

10.    The following services related to the required financial reporting, development of

cash flow and liquidity forecasting, and planning for this chapter 11 case:

- Accounting services required to accurately prepare the schedules and reports required by the Chapter 11 process;

- Assist with the preparation of monthly operating statements;

- Preparation of forecasts, projections, and cash flow reports requested by lenders, creditors, prospective investors or in conjunction with a proposed plan of reorganization;

- Assist with developing support for and the preparation of motions;

- Assist in arranging Debtor in Possession financing, and presenting cash flows to potential lenders, as requested;

- Assisting in the identification of executory contracts and unexpired leases, and performing cost/benefit evaluations with respect to the assumption or rejection of each, as needed;

- Financial advisory services in connection with any contemplated sale of assets, reorganization, or liquidation under the Bankruptcy Code; and

- Provide such other services as customarily provided in connection with these proceedings requested by the Debtor and agreed to by VCI during the pendency of this Chapter 11 case.

**VCI DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST**

11.    In connection with its proposed retention by the Debtor, VCI has conducted a

"conflict check" in which VCI reviewed the names of the parties in interest in  this Chapter 11 Case,

a complete list of which is attached hereto as **Exhibit D**.

12.    VCI focused its conflict check on the Debtor's lenders, vendors, suppliers, and

significant shareholders.  To the best of the Debtor's knowledge, information and belief, based

upon review of the Patt Declaration and except as set forth therein, VCI (a) has no connection

4

with, and holds no interest adverse to, the Debtor, its estate, creditors, or any party in interest in this case, and (b) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. If VCI discovers additional information that it determines requires disclosure, it will promptly file a supplementary disclosure with the Court.

## PROFESSIONAL COMPENSATION

13.    Subject to the approval of the Court, VCI will charge the Debtor for its advisory services on an hourly basis in accordance with its ordinary and customary rates, which are in effect on the date the services are rendered.

14.    These rates are set forth in the Engagement Agreement between the Debtor and VCI, as follows:

| Position | Hourly Rate |
| --- | --- |
| Financial Advisor- Managing Director | $400.00 |
| Financial Advisor - Director | $350.00 |
| Financial Advisor - Senior Managing Consultant[1] | $300.00 |
| Financial Advisor - Analyst | $140.00 |

15.    In addition to the Monthly Fee the Debtor will reimburse VCI for reasonable and customary out-of-pocket expenses incurred during the engagement, such as telephone, overnight mail, messenger, travel, meals, accommodations and other expenses specifically related to the engagement. VCI will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients. VCI understands that all such charges for which VCI seeks payment are subject to Court approval and/or pursuant to any administrative procedures established by Order of the Court.

16.    The fees described above are consistent with VCI's normal and customary billing practices for cases of this size and complexity, which requires the level and scope of services

5

outlined in the Engagement Agreement. Accordingly, all non-technical work performed by Senior Managing Consultants will be charged at a rate no higher than $175.00 per hour.

17.    VCI has not received a retainer.  VCI is not a prepetition creditor of the Debtor.

18.    VCI will apply to the Court for the interim and final allowance and compensation, as well as the reimbursement of expenses of as a professional person pursuant to, and subject to the standard  of review of, Section 328(a) of the Bankruptcy Code, the Bankruptcy Rules and applicable Local  Rules and orders, and not subject to any other standard of review under section 330 of the Bankruptcy Code.

19.    VCI has not shared or agreed to share any of its compensation from the Debtor or any other person, other than  managing directors, professionals, or other employees of VCI.  No promises have been received by VCI as to compensation in connection with this chapter 11 case, other than as outlined in the Engagement Letter.

20.    The Debtor has also agreed to provide VCI with certain indemnification  provisions. Specifically: Client agrees to indemnify, hold harmless and defend VCI  (including its principals, employees and agents) against all claims,   liabilities, losses, damages and reasonable expenses as they are  incurred, including reasonable legal fees and disbursements of its  counsel and the costs of its professional time (at rates in effect  when such future time is required) relating to or arising out of the  engagement, including any legal proceeding in which VCI may be  required or agree to participate, but in which it is not a party. VCI,  its principals, employees and agents, may, but are not required to,  engage a single firm of separate counsel of its choice in connection  with any of the matters to which this indemnification agreement relates.  This indemnification agreement does not apply to actions  taken by VCI in bad faith.

6

## NOTICE

21.     Notice of this Application has been provided by electronic mail and/or electronic service to: (i) the Office of the United States Trustee for the Southern District of New York; and (ii) all parties who have formally requested service via the Court's CM/ECF System.

## NO PRIOR REQUEST FOR RELIEF

22.     No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

23.     **WHEREFORE,** based upon the foregoing, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto (a) granting this Application, (b) authorizing the Debtor to retain and employ VCI, effective as of December 15, 2017, as financial advisor and accountant, and (c) granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
January 10, 2018

*Steven Fetner*
Steven Fetner, Managing Member
Bernsohn & Fetner LLC
12 Van Houten Street
Upper Nyack, NY 10960

7

## <u>Exhibit A</u>

**Declaration of Laura W. Patt**

Mayerson & Hartheimer PLLC
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue
11th Floor
New York, NY 10022
Telephone: (646) 778-4380
Facsimile: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com

*Proposed Counsel for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **BERNSOHN & FETNER LLC** | Case No. 17-23707 (RDD) |
| Debtor | |

**DECLARATION OF LAURA W. PATT IN SUPPORT OF THE DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF VERNON CONSULTING, INC.
AS ACCOUNTANT AND FINANCIAL ADVISOR**

I, Laura W. Patt, hereby declare that the following is true and correct to the best of my

knowledge, information, and belief:

1.       I am President and Founder of Vernon Consulting Inc. ("VCI"), a consulting firm

that specializes in corporate restructuring, interim crisis management, healthcare monitoring and

compliance, and financial advisory services.  VCI maintains offices at 344 E 65th St 3C, New York,

NY 10065.  I have read the *Debtor's Application for Entry of an Order Authorizing the Retention

and Employment of Vernon Consulting Inc. as Accountants and Financial Advisors* (the

"Retention Application").

2.     I submit this Certification in support thereof.  Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify based in part on personal knowledge, in part on information and belief based on discussions with individuals at VCI whom I consider reliable for the purposes of the matters discussed, and in part on reviewing VCI records.

3.     VCI has extensive expertise as financial advisors, healthcare monitoring and compliance consultants, and turnaround management specialists in bankruptcy and reorganization proceedings.  Subject to Court approval, it is expected that VCI will provide the following services:

a.  Accounting services required to accurately prepare the schedules, and reports required by the Chapter 11 process;

b.  Assist with the preparation of monthly operating statements;

c.  Preparation of forecasts, projections, and cash flow reports requested by lenders, creditors, prospective investors or in conjunction with a proposed plan of reorganization;

d.  Assist with developing support for and the preparation of motions;

e.  Assist in arranging Debtor in Possession financing, and presenting cash flows to potential lenders, as requested;

f.  Assisting in the identification of executory contracts and unexpired leases, and performing cost/benefit evaluations with respect to the assumption or rejection of each, as needed;

g.  Financial advisory services in connection with any contemplated sale of assets, reorganization, or liquidation under the Bankruptcy Code; and

h.  Provide such other services as customarily provided in connection with these proceedings requested by the Debtor and agreed to by VCI during the pendency of this Chapter 11 case.

4.      VCI has an employee professional, Laura W. Patt, ("Employee") and several nonemployee independent contractors ("Associates"). Compensation received by the Employee is substantially unrelated to fees received by VCI from any particular client but total compensation, including bonus, is related to total fee revenue received and attributable to the Employee's efforts. The Associates each have written independent contractor agreements with VCI pursuant to which they provide services to VCI, and through VCI, to its clients, through a business entity owned by each Associate and of which the Associate is the sole employee, except possibly for family members. Each of the Associates or their respective business entities does business with VCI, and all of them are considered regular members of VCI's professional staff and may be featured in VCI's marketing literature, and on its website. Compensation received by the Associates or their respective entities is based in substantial part upon fees received by VCI from engagements on which they work. Employees and Associates time will be billed through VCI.

5.      VCI has undertaken an extensive examination of its database of existing and former clients to determine whether it has or had any connections with parties in interest in this case known.  In order to prepare this Declaration and in addition to the foregoing, I completed a conflicts check by comparing VCI's client names to those names set forth on **Exhibit D**, which is attached hereto and incorporated herein by reference.  VCI focused its conflict check on the Debtor's lenders, vendors, suppliers, and significant shareholders.  Based on this database examination, VCI has not been retained to assist any entity or person other than the Debtor on matters relating to, or in connection with, this Chapter 11 case.  If this Court approves the proposed employment of VCI by the Debtor, VCI will not accept any engagement or perform any service in this case for any entity or person other than the Debtor's.  VCI has in the past, and will likely in the future be working with or against other professionals involved in this case in matters

3

unrelated to the Debtor and this case. Based on my current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtor in matters upon which VCI is to be employed, and none are in connection with this chapter 11 case.

6.    Additionally, neither VCI, nor any Shareholder, Employee, or Associate of VCI insofar as I have been able to ascertain:

(a)    is a creditor of the Debtor;

(b)    is a direct or indirect equity interest holder of the Debtor;

(c)    is or has been an officer within two years before commencement of this Chapter 11 case, director or employee of the Debtor or an "insider" of the Debtor as that term is defined in § 101(31) of the Bankruptcy Code;

(d)    presently provides services to a creditor or equity interest holder of the Debtor, or a person otherwise adverse or potentially adverse to the Debtor or the Debtor's estate on any matter that is related to the Debtor or the Debtor's estates;

(e)    has any other connection with the Debtor, its creditors, the Office of the United States Trustee[1] or any employee of that office or any other parties in interest; and

(f)    has other interest, direct or indirect, which may affect or be affected by the provision of services proposed hereunder.

7.    To the best of my knowledge, information and belief, except as set forth herein, there are no other instances where VCI has, had, or might be deemed to have or have had connections with the Debtor, creditors, or other parties in interest.

8.    VCI has not received a retainer.

---

[1] I was previously employed as a Bankruptcy Analyst with the Department of Justice, Office of the United States Trustee in Region 19 in Denver, Colorado, but have no connection to any person employed by the Office of the United States Trustee in Region 2.

24.    As set forth in the Engagement Agreement the Debtor and VCI agreed to the following compensation:

| Position | Hourly Rate |
|---|---|
| Financial Advisor- Managing Director | $400.00 |
| Financial Advisor - Director | $350.00 |
| Financial Advisor - Senior Managing Consultant[1] | $300.00 |
| Financial Advisor - Analyst | $140.00 |

25.    In addition to the Monthly Fee the Debtor will reimburse VCI for reasonable and customary out-of-pocket expenses incurred during the engagement, such as telephone, overnight mail, messenger, travel, meals, accommodations and other expenses specifically related to the engagement.  VCI will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients.

26.    The fees described above are consistent with VCI's normal and customary billing practices for cases of this size and complexity, which requires the level and scope of services outlined in the Engagement Agreement. Accordingly, all non-technical work performed by Senior Managing Consultants will be charged at a rate no higher than $175.00 per hour.

27.    All such charges for which VCI seeks payment are subject to Court approval and/or pursuant to any administrative procedure established by Order of the Court.

28.    No agreement or understanding exists between VCI and any other person (other than members or employees of the firm as disclosed herein) to share compensation received for services to be rendered in connection with services to be provided hereunder.  No representations have been received or made by VCI nor any member or associate thereof, in respect of compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

5

29.     By reason of the foregoing, I believe that VCI is eligible to be retained and employed as accountants and financial advisors to the Debtor in this case.

30.     To the extent any information disclosed herein requires modification or amendment as additional information becomes available, a supplemental affidavit disclosing such information will be submitted.

31.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: January 10, 2018

                                        VERNON CONSULTING, INC.



                                         _Laura W. Patt_____
                                        Laura W. Patt, President

6

# EXHIBIT B

# VERNON CONSULTING, INC.

December 14, 2017

**Laura W. Patt**
Managing Director
lpatt@vernonconsulting.com
Direct 917-822-7578

Steven Fetner
Bernsohn & Fetner LLC
12 Van Houten Street
Upper Nyack, NY 10960

Re:     Proposal for Services - Accounting and Financial Advisory Services

Dear Mr. Fetner:

*PURPOSE OF THIS LETTER*
We are pleased to confirm our understanding of the services Vernon Consulting, Inc. ("VCI"), will provide to Bernsohn & Fetner LLC ("Client").

*OVERVIEW OF THE ENGAGEMENT*
The Client operates a full-service construction management and general contracting firm in New York.  The Client has requested that VCI assist the compliance requirements imposed on the Client as consequence of its recent Chapter 11 filing under the United States Bankruptcy Code.

*SERVICES*
VCI will work with you and other designated professionals to perform the following:

a.  Accounting services required to accurately prepare the schedules and reports required by the Chapter 11 process;

b.  Assist with the preparation of monthly operating statements;

c.  Preparation of forecasts, projections, and cash flow reports requested by lenders, creditors, prospective investors or in conjunction with a proposed plan of reorganization;

d.  Assist with developing support for and the preparation of motions;

e.  Assist in arranging Debtor in Possession financing,  and presenting cash flows to potential lenders, as requested;

f.  Assisting in the identification of executory contracts and unexpired leases, and performing cost/benefit evaluations with respect to the assumption or rejection of  each, as needed;

Bernsohn & Fetner LLC

Page 2 of 5

g.   Financial advisory services in connection with any contemplated sale of assets, reorganization, or liquidation under the Bankruptcy Code; and

h.   Provide such other services as customarily provided in connection with these proceedings requested by the Debtors and agreed to by VCI during the pendency of these Chapter 11 cases.

*STAFFING*

Laura W. Patt, Managing Director, will be responsible for the overall engagement management. They may be assisted by a staff of consultants at various levels, all of whom have a wide range of skills and abilities related to this type of assignment. In addition, VCI has relationships with and periodically retains independent contractors with specialized skills and abilities to assist us.

*STATEMENT OF WORK*

VCI will perform work as described above, and any additional services as agreed upon by both VCI and the Client.

*CONFIDENTIALITY*

VCI agrees to keep confidential all information obtained from the Client. VCI agrees that neither it nor its directors, officers, principals, employees, agents or consultants will disclose to any other person or entity, or use for any purpose other than specified herein, any information pertaining to Client or any affiliate thereof which is either non-public, confidential or proprietary in nature ("Information") which it obtains or is given access to during the performance of the services provided hereunder.  Information includes data, plans, reports, schedules, drawings, accounts, records, calculations, specifications, flow sheets, computer programs, source or object codes, results, models, or any work product relating to the business of the Client, or its affiliates.

The Client acknowledges that all advice (written or oral) given by VCI to the Client in connection with VCI's engagement is intended solely for the benefit and use of the Client (limited to its management) in its evaluation of its business operations. The Client agrees that no such advice shall be used for any other purpose or reproduced, disseminated, quoted or referred to at any time in any manner or for any purpose other than accomplishing the tasks and programs referred to herein without VCI's prior approval (which shall not be unreasonably withheld) except as required by law. This agreement shall survive the termination of the engagement.

*FEES AND BILLING*

VCI will commence this engagement upon receipt of a signed engagement letter. No retainer is requested at this time, as the Client filed for protection under Chapter 11 of the Bankruptcy Code on November 7, 2017.

*Bernsohn & Fetner LLC*
Page 3 of 5

Our fees represent the degree of responsibility assumed, data acquisition costs, complexity of the engagement, special skills needed to solve problems, and the value of services rendered.  Our fees are based on the actual time spent at our standard hourly rates.  Our standard hourly rates vary according to the degree of responsibility involved and the experience level of the personnel assigned to your engagement.  Accordingly, all non-technical work performed by Senior Managing Consultants, generally described as accounting, tax, or auditing work, will be charged at a rate no higher than $175.00 per hour.

Standard hourly fees charged for the purposes of billings will be:

| Position | Hourly Rate |
| --- | --- |
| Financial Advisor- Managing Director | $400.00 |
| Financial Advisor - Director | $350.00 |
| Financial Advisor - Senior Managing Consultant* | $300.00 |
| Financial Advisor - Analyst | $140.00 |

In addition to the Monthly Fee the Client will reimburse VCI for reasonable and customary out-of-pocket expenses incurred during the engagement, such as telephone, overnight mail, messenger, travel, meals, accommodations and other expenses specifically related to the engagement.  VCI will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients.

The fees described above are consistent with VCI's normal and customary billing practices for cases of this size and complexity, which requires the level and scope of services outlined in the Engagement Agreement. All such charges for which VCI seeks payment are subject to Court approval and/or pursuant to any administrative procedure established by Order of the Court.

No agreement or understanding exists between VCI and any other person (other than members or employees of the firm as disclosed herein) to share compensation received for services to be rendered in connection with services to be provided hereunder.  No representations have been received or made by VCI nor any member or associate thereof, in respect of compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

*I*NDEMNIFICATION
Client agrees to indemnify, hold harmless and defend VCI (including its principals, employees and agents) against all claims, liabilities, losses, damages and reasonable expenses as they are incurred, including reasonable legal fees and disbursements of its counsel and the costs of its professional time (at rates in effect when such future time is required) relating to or arising out of the engagement, including any legal proceeding in which VCI may be required or

Bernsohn & Fetner LLC
Page 4 of 5

agree to participate but in which it is not a party. VCI, its principals, employees and agents, may, but are not required to, engage a single firm of separate counsel of its choice in connection with any of the matters to which this indemnification agreement relates. This indemnification agreement does not apply to actions taken by VCI in bad faith.

## TERMINATION AND SURVIVAL
This agreement may be terminated at any time by written notice by one party to the other, provided, however, that notwithstanding such termination VCI will be entitled to any fees and expenses due under the provisions of the agreement. Such payment obligations shall inure to the benefit of any successor or assignee of VCI. The obligations of the parties under the Indemnification and Confidentiality sections of this agreement shall survive the termination of the agreement as well as the other sections of this agreement, which expressly provide that they shall survive termination of this agreement.

## MISCELLANEOUS
This agreement shall not be amended, unless in writing and signed by the individuals affixing their signatures or by such designee with authority to do so.

Any lawsuit damages shall be limited to the professional fees of this engagement. Both parties to this agreement hereby consent to the jurisdiction of the United States bankruptcy Court in the District of New York, for all issues raised herein.

## REQUEST FOR SIGNATURE
If you agree with our understanding of the services VCI will render, please sign this letter in the space indicated and return the original copy along with the retainer to our office.

We appreciate the opportunity to provide Bernsohn & Fetner LLC with this agreement for professional services. If you have any questions concerning this engagement or questions about additional services you require, please do not hesitate to contact our office at (212) 861-7109.

Sincerely,

Laura W. Patt, CPA / CFF, CIRA
As Managing Director of
Vernon Consulting, Inc.

Bernsohn & Fetner LLC
Page 5 of 5

***AGREED AND ACCEPTED***:
This letter correctly sets forth our understanding.

*Signature:* _____
      Steven Fetner

*Title:* _____
For Bernsohn & Fetner LLC

Date: _____

Bernsohn & Fetner LLC
Page 5 of 5

*AGREED AND ACCEPTED*:
This letter correctly sets forth our understanding.

Signature: _____

Steven Fetner
Title: _____
For Bernsohn & Fetner LLC

Date: Dec 14, 2017

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Chapter 11

In re:

BERNSOHN & FETNER LLC,

Case No.  17-23707 (RDD)

Debtor.

## ORDER AUTHORIZING THE RETENTION OF
## VERNON CONSULTING, INC, AS ACCOUNTANT AND FINANCIAL ADVISORS
## TO THE DEBTOR

Upon the application (the "Application") of the above-captioned debtor and debtor in

possession (the "Debtor"), for entry of an order, pursuant to bankruptcy Code sections 327(a),

bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1 authorizing the

employment and retention of Vernon Consulting, Inc. ("***VCI***") as financial advisor and

accountant for the Debtor; and Court having reviewed the Application, and the Patt Declaration,

and the Fetner Declaration and determined that M&H does not hold or represent any interest

adverse to the Debtor or its estate, that it is a "disinterested person" as the term is defined in

Bankruptcy Code section 101(14); and that its employment is necessary and in the best interest

of the Debtor's estate, creditors, and other parties in interest; and due and sufficient notice of the

Application having been given under the particular circumstances; and it appearing that no other

or further notice need be provided; and upon the record herein; and after due deliberation

thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.       The Application is GRANTED in its entirety.

2.      Pursuant to Bankruptcy Code sections 327(a), the Debtor, as debtor and debtor in possession, is authorized to employ and retain VCI as its financial advisor and accountant, effective as of December 15, 2017 upon the terms and for the purposes set forth in the Application and the Engagement Agreement and to perform the professional services set forth in the Application and the Engagement Agreement.

3.      Vernon Consulting, Inc., shall be compensated in accordance with section 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local Rules, and any orders entered in these cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

4.      The court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: January ___, 2018
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT D

## Debtor and their Affiliates

Bernsohn & Fetner LLC
SvC Eexcel Housing Development Fund Corp
Sneden Place Development Corp
B & F Building Corp

## Members, Former Members, and Significant Shareholders

Steven Fetner
Randall Bernsohn
Maximillian Fetner

## Parties Involved in Legal Actions

David P. Kaplan
Marcia P. Kaplan
Forte Express Plumbing, Inc.
Harleysville Insurance Company
The Hanover Insurance Group
MG Dolphin, LLC
Blessed, LLC
Ana Maria Najera
36 Bleecker Street LLC

## Top 20 Known Creditors

JVA Industries
Wasserman Grubin & Rogers
Rimi Woodcraft
Precision Stone
Richard Mugler
Team Electric
Alba Demolition
Atlantech Systems Inc
Kern Rockenfield, Inc
Arista Air Conditioning Corp.
Architectural Flooring Resource, Inc
Skyline Scaffolding Group, Inc
RCS Corporate Sales and Professional Services
Con Edison
Atlantic De Lage
Grossbach Zaino & Associates, PC
Verizon Wireless
Verizon Office
Time Warner
Emque