**Mayerson & Hartheimer, PLLC.**
Sandra E. Mayerson, Esq.
David H. Hartheimer, Esq.
845 Third Avenue, 11th Floor
New York, NY 10022
Tel: (646) 778-4380
Fax: (501) 423-8672
sandy@mhlaw-ny.com
david@mhlaw-ny.com

*Counsel for Debtor and Debtor in Possession*

|  |  |
|---|---|
| In re: | Chapter 11 |
| BERNSOHN & FETNER LLC, | Case No. 17-23707 (RDD) |
| Debtor. | |

## DEBTOR'S *EX PARTE* MOTION FOR BAR DATES ORDER

The above-captioned debtor and debtor in possession (the "***Debtor***") respectfully

moves by and through its attorneys, Mayerson & Hartheimer, PLLC ("***M&H***") for entry of an

order (i) setting a bar date for filing proofs of claim, (ii) setting a bar date for the filing of

proofs of claim by governmental units, (iii) setting a bar date for claims affected by amended

schedules, if any, (iv) approving the form and manner of notice of the bar dates, and (v)

granting such other relief as this Court deems appropriate; and in support thereof as follows:

*[Remainder of this page intentionally left blank]*

## Relief Requested

1.          By this motion (the "***Motion***"), the Debtor seeks entry of an order,

substantially, in the form attached hereto as **Exhibit A** (the "***Bar Date Order***"):

(a)          **establishing June 21, 2018 at 5:00 p.m., prevailing Eastern Time** (the "***Claims Bar Date***"), as the last date and time for each entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, to file proofs of claim based on prepetition claims, including claims arising under section 503(b)(9) of the Bankruptcy Code (as defined herein) (collectively, the "***Proofs of Claim***") against the Debtor;

(b)          as to governmental units, also **establishing June 21, 2018 at 5:00 p.m., prevailing Eastern Time**, as the last date and time for each such governmental unit to file Proofs of Claims against the debtor (the "***Governmental Bar Date***");

(c)          establishing the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtor provides notice of a previously unfiled Schedule (as defined herein) or an amendment or supplement to the Schedules as the deadline (the "***Amended Schedules Bar Date***") by which claimants holding claims affected by such filing, amendment, or supplement must file proofs of claim with respect to such claim;

(d)          approving notice of the Bar Dates, including the proposed form and manner of such notice;

(e)           granting such other relief as the Court deems appropriate.

*[Remainder of this page intentionally left blank]*

2

## Jurisdiction, Venue, and Procedural Background

2.       The United States Bankruptcy Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the amended standing order of reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).

5.       The statutory basis for the relief requested herein are sections 105(a), 501, and of title 11 of the United States Code (the "***Bankruptcy Code***"), Bankruptcy Rules 2002 and 3003, rules 2002 –1 and 3003 – 1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), and General Order M-453 adopting the *Procedural Guidelines for Filing Requests for Bar Orders in the United States Bankruptcy Court for the Southern District of New York* (Bankr. S.D.N.Y. effective as of August 1, 2013) (the "***Guidelines***").

6.       On November 7, 2018 (the "***Petition Date***") the Debtor filed a petition with the Court under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No committee of unsecured creditors, trustee or examiner has been appointed in this case.

*[Remainder of this page intentionally left blank]*

3

**Proposed Bar Dates**

7.      Bankruptcy Rule 3003 (c)(3) provides that the court shall fix the time within which proofs of claim must be filed in a Chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the debtor that arose prior to the Petition Date, and whose claim is not scheduled in such debtor's schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statement of financial affairs, or whose claim is listed on such schedules as disputed, contingent, or unliquidated, must file a Proof of Claim. Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claims.

8.      Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive at a minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 300(c). Here, the debtor proposes to allow at least 21 days' notice of the Claims Bar Date, approximately 180 days' notice of the Governmental Bar Date, and at least 21 days' notice of the Amended Schedules Bar Date.  The Debtor respectfully submits that the proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond. If approved, the proposed Claims Bar Date would occur at least 21 days after the proposed date of service of the bar date notice (as defined herein) as set forth herein and is therefore in compliance with the Guidelines.

## I.      The Claims Bar Date

9.      The Debtor requests that the Court establish **June 21, 2018, at 5:00 p.m., prevailing Eastern Time,** as the Claims Bar Date. The Claims Bar Date would be the date by which all entities, other than governmental units, holding prepetition claims against the Debtor

4

must file Proofs of Claim or forever be barred from asserting their pre-petition claim, unless such entity's claim falls within one of the exceptions set forth in the proposed motion. Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtor that arose or are deemed to have arisen prior to the Petition Date, including, without limitation, secured claims, unsecured priority claims, and unsecured non-priority claims.

## II.    The Governmental Bar Date

10.    Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide." 11 U.S.C. § 502(b)(9). The Debtor, therefore, request that **June 21, 2018 at 5:00 p.m., prevailing Eastern Time,** also be established as the Governmental Bar Date in this chapter 11 case, as this is more than 180 days after the Petition Date. The Governmental Bar Date would apply to all governmental units holding claims against the Debtor (without limitation, whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arose from the prepetition tax years or periods or prepetition transactions to which the Debtor was a party. All governmental units holding such claims against the Debtor would be required to file Proofs of Claims by ECF prior to such Bar Date or forever be barred from asserting their petition claim.

## III.    The Amended Schedules Bar Date

11.    In the event the Debtor files a previously unfiled schedule or amends or supplements its schedules of assets and liabilities filed pursuant to Bankruptcy Rule 1007 (collectively, the ***Schedules***"), the Debtor proposes that the court establish the later of: (a) the

5

Claims Bar Date or the Governmental Bar Date, as applicable depending on the claimant, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtor serves notice of the previously unfiled Schedule or amendment or supplement to the Schedules, as the deadline on or before which claimants holding claims affected by such filing, amendment or supplement must file Proofs of Claim with respect to such claims or forever be barred from asserting their pre-petition claims.

**IV.    Consequences of Failing to Timely Submit a Proof of Claim**

12.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor proposes that any entity who is required, but fails, in the filing of a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor.

**V.    Procedures for Providing Notice of the Bar Dates**

13.    The procedures for filing proofs of claim and guidance as to who needs to file and not file are fully set forth in the proposed Bar Date Notice for which the Debtor hereby seeks approval.

14.    The Debtor proposes the following procedures for providing mailing and publication notice of the Bar Dates.

15.    Pursuant to Bankruptcy Rule 2002(a)(7), within eight business days after the Court enters the Bar Date Order, the Debtor proposes to cause written notice of the Bar Dates, substantially in the form annexed as **Exhibit 1** to the proposed Bar Date Order, and a Proof of Claim Form (collectively, the "***Bar Date Package***") to be mailed via first-class U.S. mail to the following entities:

    (a)    the Office of the U.S. Trustee;

    (b)    the Office of the United States Attorney for the Southern District of New York and for the other federal districts in which the debtor conducts business;

    (c)    all creditors and holders of potential claims against the Debtor, in each case, known as the date of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtor has addresses;

    (d)    all entities that have requested notice of the proceedings in this chapter 11 case pursuant to bankruptcy rule 2002 as of the date of the Bar Date Order is entered;

    (e)    all entities that have filed Proofs of Claim in this chapter 11 case as of the date of the Bar Date Order;

    (f)    all known holders of equity interests in the debtor as of the date of the Bar Date Order is entered;

    (g)    all entities who are scheduled as a party to an executory contract and unexpired lease with the Debtor;

    (h)    all known entities who are a party to litigation or arbitration with the Debtor;

    (i)    all current and former employees (to the extent that contact information for former employees is available in the Debtor's records);

    (j)    all taxing authorities for the jurisdictions in which the Debtor maintains or conducts business;

    (k)    the New York State Attorney General; and

    (l)    the United States Internal Revenue Service.

16.    After the initial mailing of the Bar Date Packages, the Debtor may, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[1] and (b) additional potential claimants become known to the Debtor. In these and similar circumstances, the Debtor requests that the

---

[1] However, if notices are returned of "return to sender" without a forwarding address, the Debtor respectfully request that it should not be required to mail additional notices to such creditors.

7

Court permit them to make supplemental mailings of the Bar Date Packages at any time up to

21 days in advance of the Bar Date, with any such mailings deemed timely and the applicable

Bar Date being enforced against the relevant creditors.

17.     Given the size and nature of this case, Debtor submits that publication of the Bar

Date Notice is not likely to reach any additional creditors and would be a needless expense to

the estate. Therefore, the Debtor proposes the above mailings and filing of the Bar Date Notice

on ECF as the only forms of notice necessary and appropriate.

## VI.    Basis for Relief

### A.  Ample Authority Exists to Approve the Bar Dates and the Proposed   Procedure for Filing Proofs of Claim in this Chapter 11 Case

18.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a

Chapter 11 case and provides, in relevant part that "[t]he court shall fix and for cause shown

may extend the time within which proofs of claim or interest may be filed." Fed R. Bankr. P.

3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest

must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant

to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local

Rules specified a time by which proofs of claim must be filed in chapter 11 cases (other than

section 502(b)(9) of the Bankruptcy Code relating to governmental units).

19.     It is well recognized that the claims bar date plays an essential role in the twin

goals of bankruptcy- preserving a debtor's going-concern value and maximizing property

available to satisfy creditors. *See Bank of Am.Nat'l Trust & Sav. Ass'n v 203 N. Lasalle St.

P'ship*, 526 U.S. 434, 453 (1999).  The claims bar date allows the debtor and parties in interest

8

to expeditiously determine and evaluate the liabilities of the estates. The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the cost and expense incurred by debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law- "secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

20.    The need to set a bar date early in the case is even more critical in a small business case, such as this one, in which there is a shorter timeline to confirm a plan. Such a timeline cannot be met without setting these bar dates.

21.    The procedures described herein provide creditors but ample notice and opportunity and a clear process for filing Proofs of Claims and Administrative Claims and achieve administrative and judicial efficiency. Indeed, the proposed procedure will provide comprehensive notice and clear instructions to creditors, on the one hand and allowed this chapter 11 case to move forward quickly with a minimum of administrative expense and delay, on the other hand.

22.    The proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtor with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during this Chapter 11 case.

*[Remainder of page intentionally left blank]*

**VII.    The Proposed Procedures are Reasonable and Appropriate**

23.     Bankruptcy Rule 2002(a)(7) requires that the Debtor provides claimants at least 21 days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).

24.     In conjunction with setting deadlines for filing Proofs of Claim, the Debtor must give appropriate notice to interested parties. The debtor proposes to mail the Bar Date Notices to their known creditors and potential creditors and to post the Bar Date Notice on ECF for unknown creditors. Given the small universe of creditors, and the fact that Debtor has not operated its business for some time, this procedure is reasonable under the circumstances. The Debtor submits it is unlikely there will be unknown creditors. *See Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478 490 (1988) (holding that notice is required to parties whose names and addresses are "reasonably ascertainable"). Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting proofs of claim. *See, e.g., In re Enron Corp.*, No. 01-16034, 2006 WL 898031 at *4 (Bankr. S.D.N.Y. Mar. 29, 2006). ("[D]ebtor must send actual notice of the bar day to any known creditor, while constructive notice is generally sufficient with an unknown creditor."); *Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp.*, No 02-9629, 2003 WL 21355214, at *3 (S.D.N.Y. June 11, 2003 (same); *Pope*, 485 U.S. at 491 (where creditor was known or "reasonably ascertainable," then due process only requires "notice by mail or other means as certain to ensure actual notice"). Where creditor is unknown to the debtor, due process requires only that the debtor take reasonable steps, such as posting the notice on ECF to  give constructive notice of the deadline for submitting proofs of claim. *See e.g. In re XO Commc'ns*, 301 B.R. 782, 793 (Bankr. S.D.N.Y.2003) (finding that if a creditor is unknown constructive notice is generally sufficient).

10

25.     The Debtor submits that the relief requested herein provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, the Debtor intends to (a) cause the Bar Date Packages to be mailed no more than eight business days after entry of the Bar Date Order and (b) cause the Bar Date Notice to be posted on ECF at least 21 days prior to the Bar Dates. Thus, by establishing the Bar Dates in accordance with the provisions hereof, all known claimants and potential claimants will have more than 21 days actual notice and unknown or unreachable claimants will have at least 21 days of constructive notice of the Bar Dates, thereby satisfying Bankruptcy Rule 2002(a)(7).

26.     In addition, in the event the Debtor files a previously unfiled Schedule or amends or supplements the Schedules subsequent to the date on which the Debtor serves the Bar Date Notices, the Debtor will give notice of any filing, amendment, or supplement to the holders of affected claims whereby such holders will have no less than 21 days from the notice date to file Proofs of Claim with respect to their claims.

27.     Accordingly, the Debtor respectfully submits that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, in order to benefit all parties in interest, and should be approved.

**<u>Motion Practice</u>**

28.     The Motion includes citation to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtor submits that this Motion satisfies Local Bankruptcy Rule 9013 – 1(a).

11

## **No Prior Request**

29.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and granting such other relief as is just and proper.

Dated:  May 9, 2018
New York, New York

MAYERSON & HARTHEIMER, PLLC,
By: */s/ David H. Hartheimer*
    David H. Hartheimer, Esq.
    Sandra E. Mayerson, Esq.
    Mayerson & Hartheimer, PLLC
    845 Third Avenue, 11th Floor
    New York, NY 10022
    Tel: (646) 778-4382
    Fax: (501) 423-8672
    david@mhlaw-ny.com
    sandy@mhlaw-ny.com

*Counsel for Debtor and Debtor in Possession*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  | Chapter 11 |
|---|---|
| In re: | |
| BERNSOHN & FETNER LLC, | Case No. 17-23707 (RDD) |
| Debtor. | |

## ORDER SETTING BAR DATES
## AND GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[1] of the above-captioned debtor and debtor in

possession (the "**Debtor**") for entry of an order (this "**Order**"),  (i) setting a bar date for filing

proofs of claim, (ii) setting a bar date for the filing of proofs of claim by governmental units,

(iii) setting a bar date for claims affected by amended schedules, if any, (iv) approving the form

and manner of notice of the bar dates, and (v) granting such other relief as this Court deems

appropriate; all as more fully set forth in the Motion; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

*Reference from the United States District Court for the Southern District of New York*, dated

December, 1, 2016, and this Court having found that this is a core proceeding pursuant to 28

U.S.C. §157 (b)(2); and this Court having found that venue of this proceeding and the Motion

in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this court having found

that the relief requested in the Motion is in the best interest of the Debtor's estate, its creditors,

and other parties in interest; and this Court having reviewed the Motion and the support

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

2

therefor; and this Court having determined that the legal and factual bases set forth in the Motion established just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

   **The Bar Dates and Procedures for Filing Proofs of Claim**

2. Each entity that asserts a claim against the Debtor that arose before the Petition Date is required to file an original, written Proof of Claim, substantially in the form of Official Form 410[2]. Except in the cases of governmental units and certain other exceptions set forth herein, *all Proofs of claim must be filed so that they are actually received on or before June 21, 2018, at 5:00 p.m., prevailing Eastern Time (the "Claims Bar Date"), at the address and in the form set forth herein.* The Claims Bar Date applies to all types of claims against the Debtor that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the Claims Bar Date as set forth in this order.

3. All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, must also file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party, *so that such Proofs of Claim are actually received on or before June 21, 2018, at 5:00 p.m., prevailing Eastern Time*

---

[2] Copies of the Official Form 410 may be obtained: from the Courts website at no charge by accessing the website for the Court at http://wwwuscourts.gov/forms/bankrutcy-forms/proof-claim- 0.

*(the "**Governmental Bar Date**"), at the addresses and in the form set forth herein.*

**4.** If the Debtor files a previously unfiled Schedule or supplements the Schedules after having given notice of the Bar Dates, the Debtor shall give notice by first-class mail of any filing, amendment, or supplement to holders of claims affected thereby, and the deadline for those holders to file Proofs of Claims, if necessary, be set as the later of *(a) June 21, 2018, or (b) 5:00 p.m. prevailing Eastern Time on the date that is 21 days from the date that the notice of the filing, amendment or supplement is served (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").*

5. All Proofs of Claim must be filed so as to be actually recorded on ECF or received by the Clerk of the Court before the applicable Bar Date. If Proofs of Claim are not received on the ECF system or by the Clerk of the Court or before the applicable Bar Date, the holders of the underlying claims shall be barred from asserting such claim against the Debtor and precluded from voting on any chapter 11 plans filed in this chapter 11 case and/or receiving distributions from the Debtor on account of such claims in this chapter 11 case.

**Parties Required to File Proofs of Claim**

6. The following categories of claimants shall be required to file a Proof of Claim by the applicable Bar Date:

    (a) any entity whose claim against the Debtor is not listed in the Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed" if such entity desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

    (b) any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified

4

in the Schedules; and

   (c) any entity that believes that its claim against the Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

**Parties Exempted from the Bar Dates**

7. The following categories of claimants shall not be required to file a proof of claim by the applicable Bar Date:

   (a) any entity that already has filed a signed Proof of Claim against the Debtor with the Clerk of the Court in a form substantially similar to Official Form 410;

   (b) any claimant whose claim is listed in the Schedules if: (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated;" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

   (c) any entity whose claim previously has been allowed by order of the Court;

   (d) any entity whose claim has been paid in full by the Debtor in accordance with an order of this Court;

   (e) any holder of an equity interest in the Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided, however*, that any holder of an equity interest who wishes to assert a claim against the Debtor, including a claim related to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

   (f) any entity holding a claim for which a separate deadline is fixed by the Court;

   (g) administrative expense claims for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code; and

   (h) claims asserting an administrative priority and arising in the ordinary course of business (but not, for avoidance of doubt, claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code).

## Substantive Requirements of Proofs of Claim

8. The following requirements shall apply with respect to filing and preparing each

Proof of Claim:

(a) <u>Contents</u>. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars (using the Petition Date rate of conversion, if applicable) (iii) conform substantially with the Proof of Claim Form or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(b) <u>Section503(b)(9) Claim</u>. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtor in the 20 days prior to the Petition Date; (ii) attach any documentation identifying particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

(c) <u>Original Signatures Required</u>. Each Proof of Claim other than an electronically submitted Proof of Claim must contain an original signature of the claimant or the claimant's authorized agent or legal representative. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

(d) <u>Supporting Documentation</u>.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rule 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtor's Counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided, however*, that any creditor that receives such written consent shall transmit such documentation to the Debtor's counsel upon request no later than 10 days from the date of such request.

(e) <u>Timely Filing</u>.  Each Proof of Claim (including supporting documentation) must be filed so as to be *actually received*, on or before 5:00 PM prevailing New York time on the applicable Bar Date and either recorded on the ECF system or received by the Bar Date by first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address:

> United States Bankruptcy Court
> Southern District of New York
> 300 Quarropas Street
> Room 248
> White Plains, NY 10601

> Attn.: Clerk of the Court

> Proofs of claim submitted by facsimile or electronic mail will not be accepted and will *not* be deemed timely **FILED**.

(f) <u>Receipt of Service</u>.  Claimants filing other than by ECF and wishing to receive acknowledgment that their Proof of Claim was timely received, must submit (i) a copy of the Proof of Claim (in addition to the original Proof of Claim and (ii) a self-addressed, stamped envelope.

**<u>Identification of Known Creditors</u>**

9.  The Debtor shall mail notice of the Bar Dates only to its known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

**<u>Procedures for Providing Notice of Bar Date</u>**

A. **<u>Mailing of Bar Dates Notices</u>**

10.  On or about eight business days after entry of this Order, the Debtor shall cause written notice of the Bar Dates, substantially in the form attached hereto as **<u>Exhibit 2</u>** (the "***General Bar Date Notice***") and a Proof of Claim Form (together, the "***Bar Date Package***") to be mailed via first-class U.S. mail to the following entities:

(a)     the Office of the U.S. Trustee;

(b)     the Office of the United States Attorney for the Southern District of New York

7

and for the other federal districts in which the debtor conducts business;

 (c) all creditors and holders of potential claims against the Debtor, in each case, known as of the date of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtor has addresses;

 (d) all entities that have requested notice of the proceedings in this chapter 11 case pursuant to bankruptcy rule 2002 as of the date the Bar Date Order is entered;

 (e) all entities that have filed Proofs of Claim in this chapter 11 case as of the date of the Bar Date Order;

 (f) all known holders of equity interests in the Debtor as of the date the Bar Date Order is entered;

 (g) all entities who are scheduled as a party to an executory contract and unexpired lease with the Debtor;

 (h) all known entities who are a party to litigation or arbitration with the Debtor;

 (i) all current and former employees (to the extent that contact information for former employees is available in the Debtor's records);

 (j) all taxing authorities for the jurisdictions in which the Debtor maintains or conducts business;

 (k) the New York State Attorney General; and

 (l) the United States Internal Revenue Service.

11. The Debtor is not required to publish the Bar Date Notice. A copy of the Bar Date Notice must be posted on ECF for this case.

12. The Debtor shall provide all known creditors listed in the schedules with a Proof of Claim Form. Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

13. After the initial mailing of the Bar Date Packages, the Debtor may, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[3] and (b) additional potential

---

[3] However, if notices are returned of "return to sender" without a forwarding address, the Debtor respectfully request

claimants become known to the Debtor. In these and similar circumstances, the

Debtor requests that the Court permit them to make supplemental mailings of the

Bar Date Packages at any time up to 21 days in advance of the Bar Date, with any

such mailings deemed timely and the applicable Bar Date being enforced against the

relevant creditors.

**Consequences for Failure to Timely File a Proof of Claim**

14.  Any entity who is required, but fails, to file a Proof of Claim in accordance with this

Order on or before the applicable Bar Date shall be forever barred, estopped, and

enjoined from asserting such claim against the Debtor (or filing a Proof of Claim

with respect thereto) and the Debtor and its property shall be forever discharged

from any and all indebtedness or liability with respect to or arising from such claim.

**I.     Miscellaneous**

15.  The Debtor is authorized to take all actions necessary or appropriate to effectuate

the relief granted pursuant to this Order in accordance with the Motion.

16.  The terms and conditions of this Order shall be immediately effective and

enforceable upon entry of the Bar Date Order.

17.  This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Order.

White Plains
Dated: May _____ 2018

_____

THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

---

that it should not be required to mail additional notices to such creditors.

9

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BERNSOHN & FETNER LLC, | Case No. 17-23707 (RDD) |
| Debtor. | |

## NOTICE OF DEADLINE
## REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE JUNE 21, 2018

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST BERNSOHN &
FETNER LLC:**

The United States Bankruptcy Court for the Southern District of New York has entered

an Order establishing June 21, 2018 (the "Bar Date") as the last date for each person or entity

(including individuals, partnerships, corporations, joint ventures, trusts and governmental units)

to file a proof of claim against Bernsohn & Fetner LLC (the "Debtor").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all

claims against the Debtor that arose prior to November 7, 2017, the date on which the Debtor

commenced this case under chapter 11 of the United States Bankruptcy Code, except for claims

listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

Governmental units also have until June 21, 2018, a date that is more than one hundred eighty

(180) days after the order for relief, to file proofs of claim.

*[Remainder of page intentionally left blank.]*

1.     **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estates if you have a claim that arose prior to November 7, 2017 (the "Filing Date"), and it is not one of the types of claim described in Section 4 below.  Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code, and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.     **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410; a case-specific proof of claim form accompanies this notice. Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation

2

as to why the documents are not available.

Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

3.      **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before** June 21, 2018.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File (CM/ECF) system.

Those without accounts to the CM/ECF system may create and electronically file their proofs of claim through the "File A Proof of Claim" link on the Court's website, www.nysb.uscourts.gov, or by mailing or delivering the original proof of claim to the Court at the address provided below:

> United States Bankruptcy Court
>  Southern District of New York
> 300 Quarropas Street
> Room 248
> White Plains, NY 10601

Proofs of claim will be deemed filed only when underlined received by the Bankruptcy Court on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

## 4.        CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED

You do **not** need to file a proof of claim on behalf of a claim on or prior to the applicable Bar Date if the claim falls into one of the following categories:

(a)     Any claim that has already been asserted in a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b)     Any claim that is listed on the Schedules filed by the Debtor, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated" <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c)     Any claim that previously been allowed by Order of the Court;

(d)     Any claim that has been paid in full by the Debtor;

(e)     Any claim for which a different deadline has previously been fixed by this Court; or

(f)     Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estates.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time.  However, if you assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor.  The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believe that you have a claim against the Debtor.

4

5.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY
        THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASES ON ACCOUNT OF SUCH CLAIM.

6.      **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s).  If you received post-petition payments from the Debtor (as authorized by the Court) on account of your claim, the enclosed proof of claim form will reflect the net amount of your claims.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

5

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, Room 248, White Plains, New York 10601. Copies of the Debtor's Schedules may also be obtained by written request to Debtor's counsel at the address and telephone number set forth below.

Mayerson & Hartheimer, PLLC
845 Third Avenue, 11th Floor
New York, NY 10022
Tel: (646) 778-4382

A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.

Dated: _____, 2018
 New York, NY                                    **BY ORDER OF THE COURT**